FILED

**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

03 JAN 14 PM 2:48

CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

| | |
|---|---|
| **TERRI L. STEFFEN,** ) | |
| ) | |
| **Plaintiff,** ) | Case No. 8:02-CV-1462-T-30TGW |
| vs. ) | |
| ) | |
| **GRAY, HARRIS & ROBINSON, P.A.** | |
| **d/b/a GRAY HARRIS ROBINSON** | |
| **SHACKLEFORD FARRIOR and** ) | |
| **GEOFFREY T. HODGES,** | |
| ) | |
| **Defendants,** | |
| ) | |
| vs. | |
| ) | |
| **PAUL A. BILZERIAN,** | |
| ) | |
| **Additional Plaintiff.** | |
| _____ ) | |

## NOTICE OF FILING

The Plaintiff, TERRI L. STEFFEN, by and through her undersigned counsel, hereby gives notice to the Court and opposing counsel of the filing of the original "Terri L. Steffen's Declaration in Support of Memorandum in Opposition to Defendants' Motion for Summary Judgment" a copy of which is attached hereto.

I HEREBY CERTIFY that a copy hereof has been furnished by U.S. mail, this 14th day of January, 2003, to counsel for the Defendants: Donald

W. Cox, Esq. and Frank Gassler, Esquire, Fowler White Boggs Banker P.A., Post Office Box 1438, Tampa, Florida, 33601; and to Paul A. Bilzerian, 16229 Villareal de Avila, Tampa, Florida, 33613.

                                      MANEY, DAMSKER, JONES,
                                      KIELY & KUHLMAN, P.A.

                                      DAVID A. MANEY, ESQUIRE
                                      Florida Bar No. 092312
                                      LEE S. DAMSKER, ESQUIRE
                                      Florida Bar No. 172859
                                      Post Office Box 172009
                                      Tampa, Florida 33672-0009
                                      (813) 228-7371

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | | |
|---|---|---|
| TERRI L. STEFFEN, | ) | |
| Plaintiff, | ) | Case No. 8:02-CV-1462-T-30TGW |
| vs. | ) | |
| GRAY, HARRIS & ROBINSON, P.A. d/b/a GRAY HARRIS ROBINSON SHACKLEFORD FARRIOR and GEOFFREY T. HODGES, | ) | |
| Defendants. | ) | |
| vs. | ) | |
| PAUL A. BILZERIAN, | ) | |
| Additional Defendant. | ) | |

## TERRI L. STEFFEN'S DECLARATION IN SUPPORT OF MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Terri L. Steffen, declares on this 10th day of January 2003, in Tampa, Florida, under penalty of perjury, that the following is true and correct to the best of my knowledge and belief:

1. I am over eighteen years old and competent to testify to the matters contained herein. I have personal knowledge of the matters contained herein.

2. The factual statements made in the Amended Complaint in this action are true and correct.

3. In February 1991, my husband and I transferred the real property we jointly owned in Crosslake, Minnesota, to me individually.

4. In May 1991, my husband and I transferred our homestead, located at 16229 Villarreal de Avila, Tampa, Florida ("Homestead"), and another property located at 816 Taray, Tampa, Florida, which were both owned by us as tenants by the entireties, to me individually.

5. On August 5, 1991, my husband filed a Chapter 11 bankruptcy petition, which, on October 22, 1991, was converted to a Chapter 7 case.

6. In January 1992, the trustee in my husband's bankruptcy case filed an adversary proceeding against me to compel the turnover of the real property described above that had been conveyed to me.

7. My husband, the bankruptcy trustee and I settled the above described adversary proceeding in November 1993, which was approved by the bankruptcy court on February 23, 1994.

8. In November 1998, a motion to hold my husband in contempt was filed by the SEC ("Contempt Motion") in the United States District Court for the District of Columbia ("DC Court"). Immediately after the Contempt Motion was filed, the Paul A. Bilzerian and Terri L. Steffen 1995 Family Trust ("1995 Trust"), Overseas Holdings Limited Partnership ("OHLP"), my husband and I informed Mr. Hodges that the Contempt Motion had been filed and sought his advice as to what they should do in response.

9. Mr. Hodges advised all of us that the Contempt Motion was not a problem and that such an event was clearly contemplated and dealt with when he created the 1995 Trust documents.

10. Mr. Hodges advised Ms. Brit Elin Solberg, the 1995 Trust Protector, to remove my husband and I as trustees of the 1995 Trust and to remove my husband as a beneficiary because a

2

"duress event" had occurred.

11. Mr. Hodges also advised the 1995 Trust and OHLP to change the general partner of OHLP so that my husband would have no legal connection to OHLP.

12. Shortly after February 16, 1998, when the DC Court entered a temporary injunction with respect to distributing the proceeds of any sale of the Homestead until March 19, 1999, the 1995 Trust, OHLP, my husband and I again informed Mr. Hodges and again sought his advice.

13. Mr. Hodges advised OHLP to file an action to quiet title, which OHLP filed on March 1, 1999.

14. On March 19, 1999, a hearing was conducted by the DC Court and the temporary injunction dissolved by its terms.

15. On March 31, 1999, Mr. Hodges advised OHLP to voluntarily dismiss its quiet title action because (1) the temporary injunction had expired; (2) the temporary injunction was not binding on non-parties such as the 1995 Trust, OHLP and me; (3) the temporary injunction was issued in violation of Rule 65 of the Federal Rules of Civil Procedure; and (4) the DC Court did not have personal jurisdiction over the 1995 Trust, OHLP or me.

16. Throughout the proceeding in the DC Court between the SEC and my husband, case number 89-1854 ("Contempt Proceeding"), until March 2001, Mr. Hodges continuously assured the 1995 Trust, OHLP, my husband and I that there was no danger or risk that the assets transferred to and owned by the 1995 Trust and OHLP were subject to claims by the SEC or the Receiver and that his advice was correct.

17. Mr. Hodges provided my husband with several declarations in support of his defense in the Contempt Proceeding, all of which stated that my husband had no beneficial interest in the assets transferred to and owned by the 1995 Trust and OHLP.

18. On March 1, 2001, the DC Court froze all of the bank accounts owned by OHLP and me.

19. In April and May 2001, I asked the Defendants in this case to assist me in my litigation with the Receiver and the Securities and Exchange Commission ("SEC") in the DC Court, but the Defendants refused to render any assistance or even refer me to another firm.

20. In April 2001, I was advised by new attorneys that I had just retained to defend the "freeze" of my assets, that, in their opinion, the Defendants in this case had committed malpractice when they advised my husband and I to transfer our assets to the 1995 Trust and OHLP. Shortly thereafter, I discussed this issue with Mr. Hodges after which he withdrew from all representation of the 1995 Trust, OHLP and me.

21. On May 29, 2001, OHLP and I filed for bankruptcy.

22. On or about June 4, 2001, OHLP and I retained Harley Riedel to represent us in our bankruptcy cases.

23. In July 2001, Mr. Riedel advised OHLP and me to suspend our bankruptcy cases and enter in settlement discussions with the SEC and the Receiver.

24. In December 2001, a settlement agreement that resolved the SEC's and the Receiver's claims with respect to my property was reached between the SEC, the Receiver and I, and approved by the DC Court in a Final Consent Judgment on January 16, 2002. The Final Consent Judgment required me to transfer my ownership rights to approximately 70% of my assets, including the

4

property described above. Essentially, I lost approximately 70% of the value of my exempt interest in Bicoastal Holding Company and 70% of the value of my real property.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 10, 2003.

_____
Terri L. Steffen

5